United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 16, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-60216
(Summary Calendar)
_____

CHARLEAN MCDONALD,

Plaintiff-Appellant,

versus

ENTERGY OPERATIONS INC.; WILLIAM EATON,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
No. 5:01-CV-24-BN

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charlean McDonald, who is proceeding *pro se*, appeals the district court's summary judgment

dismissal of her employment discrimination claims against Entergy Operations, Inc. and one of its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vice-presidents, William Eaton. McDonald also alleges that various individuals committed fraud on the court or otherwise engaged in wrongdoing during the district court proceedings.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We review the grant of summary judgment *de novo*, using the same criteria employed by the district court. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).

McDonald does not contest the district court's construction of her *pro se* complaint as alleging Title VII and 28 U.S.C. § 1981 racial discrimination claims for (1) failure to promote; (2) disparate pay; and (3) adverse working conditions. "This Court considers claims of intentional discrimination, which include racial discrimination and retaliation claims based on Title VII and 42 U.S.C. § 1981, under the same rubric of analysis." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

Under the burden-shifting framework applied in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), the plaintiff must first establish a *prima facie* case of discrimination. *Raggs*, 278 F.3d at 468. In order establish a *prima facie* case of a discriminatory failure to promote, the plaintiff must show that: (1) she was within a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position was filled by someone outside the protected class. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 468 (5th Cir. 2001).

On appeal, McDonald, who is an African-American woman, contends that her applications for supervisory openings posted in January and March of 2000 were rejected because of her race.

Both positions were filled by individuals outside McDonald's protected class.[1]  McDonald failed to establish a *prima facie* case with respect to the January 2000 posting because that position required three years of supervisory experience, a qualification which the successful applicant possessed and which McDonald, by her own admission, lacked.

McDonald did, however, meet the qualifications for the March 2000 posting and thus made the required *prima facie* showing.  Once a *prima facie* case is established, there is a presumption of discrimination and the burden shifts to the employer to produce evidence that its actions were justified by a legitimate, non-discriminatory reason.  *Reeves*, 530 U.S. at 142.  If the employer is successful, then the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's non-discriminatory explanation is pretextual.  *Id*. at 143.  A *prima facie* case and sufficient evidence to reject the employer's explanation may permit a trier of fact to determine that an employer unlawfully discriminated.  *Id*. at 148.

Here, the defendants produced the affidavit of the hiring official for the March 2000 posting, which stated that McDonald was not selected for that position due to her lack of skills and leadership qualities relative to the other applicants.  The defendants also produced a 1999 employment evaluation for the successful applicant, which praised her leadership skills, experience and performance.  In response, McDonald stated that she was the most qualified candidate and reiterated her belief that her application was rejected based on race.  She did not, however, produce any evidence to support these assertions.  Accordingly, the district court properly granted summary judgment as to McDonald's failure to promote claims.

---

[1] McDonald concedes that the district court properly dismissed her failure to promote claim as to an August 1999 posting because that position was filled by an African-American female.

Similarly, with respect to her disparate pay claim, McDonald failed to produce any evidence that she was paid at a lower level than similarly situated individuals outside her protected class or that her compensation was ever decreased or altered in any fashion. Indeed, it appears that this claim is based solely on McDonald's failure to receive the promotions discussed above. Accordingly, summary judgment was also proper as to McDonald's disparate pay claim.

McDonald does not dispute the district court's construal of her working conditions claim as alleging retaliation based on the requirement that she undergo a psychological examination to retain her access to high security areas. McDonald also concedes that the district court correctly dismissed this claim because the examination did not rise to the level of an "adverse employment action." *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002) ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.").

McDonald next asserts that the district court erred in denying her motion to alter or amend judgment by not considering her "Motions, Objections, Oppositions, Rebuttals etc." She fails, however, to provide any specific ground for reversing the district court's order. *See Lott v. Hargett*, 80 F.3d 161, 166 (5th Cir. 1996) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (internal quotation marks omitted)).

Finally, McDonald makes a variety of unsubstantiated accusations of fraud and wrongdoing against the district court, defense counsel, the court reporter, and her former supervisor. These accusations are frivolous and wholly without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.