**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 5, 2006**

**Charles R. Fulbruge III**
**Clerk**

THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50585
Summary Calendar
_____

DARREL BURDITT,

Plaintiff-Appellant,

versus

GENEVA CAPITAL, LLC; MARK WATKINS; STEVE TURNER;
STEPHANIE KAISER; McGINNIS, LOCHRIDGE & KILGORE, LLP;
JANEL MOUNSDON; JANE AND JOHN DOE FROM 1-50; THOMAS
A. JACOBSEN; UCC DIRECT SERVICES; ANN BERNEL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-316
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darrel Burditt, a Texas resident who is the majority shareholder in a company called Gamebreaker, Inc. ("Gamebreaker"), appeals from the district court's granting of the defendants-appellees' motions to dismiss his pro se civil lawsuit for lack of subject-matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It is not disputed that, in 2003, defendant Geneva Capital, through some of the defendant attorneys, had obtained a default judgment in Minnesota state court against Gamebreaker and Burditt in its lawsuit alleging that Gamebreaker had failed to make payments on a lease contract. In 2004, other defendant attorneys for Geneva Capital obtained a Texas state-court judgment enforcing the Minnesota judgment in Texas. Burditt then filed the instant civil lawsuit in federal district court, asserting that the defendants had violated his rights during these state-court proceedings. He cited 28 U.S.C. §§ 1330, 1331, and 1339 as bases for jurisdiction. Under the federal-question statute, 28 U.S.C. § 1331, he cited 42 U.S.C. §§ 1981, 1983, 1985, and 1986 as grounds for jurisdiction. In dismissing Burditt's complaint, the district court concluded that Burditt had not established subject-matter jurisdiction under any of these provisions.

We review the dismissal for lack of subject-matter jurisdiction de novo. Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994). Burditt had the burden of proving that such jurisdiction exists. Peoples Nat'l Bank v. Office of the Comptroller of Currency of the United States, 362 F.3d 333, 336 (5th Cir. 2004). As Burditt has not suggested that diversity of citizenship exists in this case, see 28 U.S.C. § 1332, he was required to establish federal-question jurisdiction.

Burditt has failed to establish federal-question jurisdiction. Burditt's citation of 28 U.S.C. § 1330 was

inapposite, because that section concerns actions against "foreign states." Section 1339, 28 U.S.C., provides for jurisdiction "of any civil action arising under any act of Congress relating to the postal service." Although Burditt has vaguely suggested that the defendants engaged in mail fraud, he has not cited a separate statute, "relating to the postal service," which establishes a cause of action. See Snapp v. United States Postal Serv.-Texarkana Mgmt. Sectional Center, 664 F.2d 1329, 1332 (5th Cir. 1982).

The primary basis under which Burditt asserted jurisdiction was the "general federal question jurisdiction statute," 28 U.S.C. § 1331. See BP Oil, Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003). Section 1331 itself does not create an independent basis for jurisdiction. See Bauhaus USA, Inc. v. Copeland, 292 F.3d 439, 442 n.6 (5th Cir. 2002). Because Burditt has not alleged racial discrimination, he has not stated a claim under 42 U.S.C. § 1981. Insofar as Burditt has asserted a claim under 42 U.S.C. § 1983, he has shown neither that the private defendants were acting "under color of state law" nor that they violated any specific constitutional or federal right. See Victoria W. v. Larpenter, 369 F.3d 475, 481 (5th Cir. 2004); Richard v. Hoechst Celanese Chem. Group, Inc., 355 F.3d 345, 352 (5th Cir. 2003). He has effectively abandoned any claim of jurisdiction under 42 U.S.C. §§ 1985 and 1986. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Burditt has not demonstrated that the district court abused its discretion in denying his motion for leave to amend his complaint for a second time.  See Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 268 (5th Cir. 2004).

Burditt's contention that he was denied his Seventh Amendment right to a jury trial is meritless, because that right does not exist with regard to "factual determinations decisive of a motion to dismiss for lack of subject matter jurisdiction." Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir. 1981).

Burditt's various complaints about the district court's handling of his case--including claims that the district court failed to construe his pro se pleadings liberally, raised issues sua sponte, and ignored some of his arguments--do not call into doubt the district court's conclusion regarding the threshold issue of subject-matter jurisdiction.  See Ceres Gulf v. Cooper, 957 F.2d 1199, 1202 n.7 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.