United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

―――――――――

m 05-60501
Summary Calendar

―――――――――

CHARLEAN MCDONALD,

Plaintiff-Appellant,

VERSUS

ENTERGY OPERATIONS, INC., ET AL.,

Defendants,

ENTERGY OPERATIONS, INC.; UNUMPROVIDENT CORPORATION; HEATHER FRIANT,

Defendants-Appellees.

―――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Mississippi
m 5:03-CV-241

―――――――――――――――――――――

Before SMITH, GARZA, and PRADO,
 Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Charlean McDonald, proceeding *pro se*, appeals the summary judgment dismissal of her employment discrimination claims against Entergy Operations, Inc. ("Entergy"), and her ERISA claims against UnumProvident Corporation ("UnumProvident") and Heather Friant, an employee of UnumProvident. Finding no genuine issue of material fact, we affirm.

I.

Charlean McDonald, a black woman, was hired by Entergy in 1981 and worked there continuously, primarily in clerical positions, until January 2002. In 2001, McDonald sued, asserting that Entergy had discriminated against her on account of race by failing to promote her, by paying her a disparate wage, and by generally creating adverse working conditions. That suit was dismissed on summary judgment, which was affirmed in *McDonald v. Entergy Operations, Inc.*, 75 Fed. Appx. 279 (5th Cir. 2003) ("*McDonald I*").

In January 2002, McDonald was involved in an automobile accident; she consulted multiple doctors for the treatment of resulting back and neck pain. In July 2002 she submitted a claim for long-term disability benefits to Unum Life Insurance Company of America ("Unum"), a subsidiary of UnumProvident responsible for administering benefits under the Entergy Corporation Companies' Benefits Plus Long Term Disability Plan ("the Plan").

Although Unum initially approved McDonald's claim in September 2002, it requested that she have her physician complete forms, to be submitted to Unum, describing the extent of her injuries and her current functional abilities. None of the physicians McDonald had consulted agreed to fill out the required forms, because each thought McDonald was not disabled. Based on the medical opinions and the information it received from Entergy regarding the physical requirements of McDonald's job, Unum in April 2003 determined there was insufficient evidence to support McDonald's claim of total disability and discontinued her benefits.

In the meantime, in December 2002 McDonald had filed another claim of discrimination against Entergy with the Equal Employment Opportunity Commission ("EEOC"), asserting that Entergy had subjected her to terms and conditions of employment different from those of her co-workers in retaliation for her filing the discrimination suit in *McDonald I*.[1] In January 2003 the EEOC dismissed McDonald's claim and issued her a right to sue letter.

In April 2003 McDonald sued Entergy[2] alleging violations of title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 for re-

---

[1] McDonald stated that the terms and conditions of employment included the monitoring of her telephone calls by the company attorney, charging her absence from work as vacation time rather than short-term disability leave, and failure to give her an "outage incentive check" for 2002.

[2] McDonald's complaint also lists as defendants various individual employees of Entergy, T. Roe Price Retirement Plan Services, Inc., and the law firm of Wise, Carter, Child & Carraway, P.A. Each of those defendants was dismissed from this case, and McDonald does not appeal that order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taliation (in terms of the imposition of adverse working conditions and, ultimately, termination). In addition, she asserted claims against UnumProvident and Hearther Friant under ERISA, 29 U.S.C. § 1001 *et seq.*, for denial of disability benefits.[3] The court found no genuine issue of material fact with regard to any of McDonald's claims and granted summary judgment, dismissing all claims with prejudice.

## II.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We review the grant of summary judgment *de novo*, using the same criteria employed by the district court. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The plaintiff bears the initial burden of establishing a *prima facie* case of employment discrimination. To state a *prima facie* case for retaliatory discharge, a plaintiff must establish, *inter alia*, that there was a causal link between the protected action taken by the plaintiff and the subsequent termination. *See Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

The district court found that Entergy was entitled to judgment as a matter of law on the title VII and § 1981 retaliatory discharge claims because, even assuming that McDonald had not voluntarily ended her employment with Entergy,[4] McDonald brought forth no evidence of a causal link between the filing of her suit and her alleged termination.

We agree with the district court. Not only did McDonald fail to present any evidence, other than pure speculation, of a causal link, but she stated in deposition that her employment with Entergy ended because she was unable to perform her job duties, not because she had sued. McDonald's claims of retaliatory discharge under title VII and § 1981 therefore fail as a matter of law.[5]

---

[3] Although McDonald's enumerated claims mention § 1981, none of them refers specifically to title VII or ERISA. We agree with the district court, however, that because McDonald is proceeding *pro se*, her complaint should be read liberally. *See Atchison v. Collins*, 288 F.3d 177, 179 n.2 (5th Cir. 2002).

[4] Whether McDonald was actually fired is an issue in dispute.

[5] McDonald also asserts that Entergy imposed adverse working conditions, in the form of monitoring her phone calls and invading her privacy, in retaliation for the filing of suit. This retaliation claim is wholly without merit. It is based entirely on the fact that an employee of Entergy listened to a voicemail message relevant to McDonald's long-term disability claim that McDonald had *voluntarily* left for him and then gave a transcript of that message to Entergy's attorney. McDonald does

(continued...)

### III.

To determine whether UnumProvident and its employee, Friant, are entitled to judgment as a matter of law on McDonald's ERISA claims, we must first consider what standard of review applies to the plan administrator's decision to deny benefits in this case. Where, as here, a policy gives an administrator discretionary authority over a claimant's entitlement to benefits, we review a denial of benefits for abuse of discretion. *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999) (en banc). Less deference is given under the abuse of discretion standard where an administrator is self-interested. *Id*. at 296.

The district court found that UnumProvident was not operating under a conflict of interest in administering the Entergy plan. We have no reason to dispute that finding and therefore apply a pure abuse of discretion standard to UnumProvident's decision to deny McDonald's claim for long-term disability benefits.

UnumProvident asserts that it ultimately denied benefits because McDonald never submitted a physician's certification of her physical limitations and presented no medical evidence indicating she was unable to perform the material duties of her job. Because McDonald has offered no coherent challenge to the merits of UnumProvident's decision, there is no basis for finding abuse of discretion.

AFFIRMED.[6]

---

[5](...continued)
not point to any violation of law occasioned by this action.

[6] Entergy's motion to strike portions of McDonald's reply brief is DENIED.