United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 05-50367
Summary Calendar

_____

STEVEN J. INGRAM,

Plaintiff-Appellant,

VERSUS

PAPA JOHN'S INTERNATIONAL, INC.;
JOHN SCHNATTER,
PRESIDENT, PAPA JOHN'S INTERNATIONAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
m 1:04-CV-203

_____

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:[*]

Steven Ingram appeals various rulings. We dismiss the appeal as frivolous pursuant to Fifth Circuit Rule 42.2.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published (continued...)

_____

[*](...continued)
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Ingram worked as a pizza delivery driver for Papa John's in Austin, Texas, for approximately six years. Papa John's fired him, alleging that he had breached company policy prohibiting the sharing of confidential information with third parties.

Ingram sued Papa John's in state court claiming, *inter alia*, that Papa John's had discriminated against him in violation of 42 U.S.C. § 1981 and that his 401(k) plan had sold stock without his consent in violation of ERISA. Ingram also asserted various state law tort claims.

Papa John's removed to federal court on the basis of federal question jurisdiction. Ingram filed a motion to remand, which the district court denied. During the course of litigation, the district court also denied a motion by Ingram to serve additional interrogatories and admissions on Papa John's.

Papa John's filed a motion for summary judgment asserting, *inter alia*, that Ingram cannot establish a *prima facie* case for discrimination because he is not a member of a protected class, and that the company cannot be sued under ERISA because it is not the administrator of the 401(k) plan. The district court granted summary judgment for Papa John's on the § 1981 and ERISA claims. Pursuant to 28 U.S.C. § 1367(c)(3), the court dismissed, without prejudice, the state law tort claims. Ingram appeals the denial of his motions to remand and for additional discovery, the summary judgment, and the attendant dismissal of his state law claims.

## II.

We review *de novo* the denial of a motion to remand. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 1991). Under 28 U.S.C. § 1441(b),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Because Ingram stated claims under two federal statutes, the district court had original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, removal was proper, and the motion to remand was appropriately denied.

## III.

We review the denial of a discovery request for abuse of discretion. *See Brown v. Arlen Mgmt. Corp.*, 663 F.2d 575, 580 (5th Cir. 1981). "[P]laintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment." *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029-30 (5th Cir. 1983). Because Ingram has not demonstrated that any of the information sought in the additional interrogatories would have produced facts enabling him to withstand summary judgment, there is no abuse of discretion.

## IV.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no gen-

uine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c). We review a summary judgment *de novo* using the same criteria as does the district court. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).

A.

Ingram asserts that he is entitled to § 1981 relief because Papa John's "conspired to terminate Caucasian drivers having 3 years or more employment with [the company] . . . [and] an hourly salary of $6.50-$7.50/hr," then replaced this group with lower-wage "foreign workers such as Brazilians." Second Amended Complaint ¶¶ 39, 42. Interpreting his *pro se* claim as charitably as possible, *see McDonald v. Entergy Operations, Inc.*, 2006 U.S. App. LEXIS 1949, at *5 n.3 (5th Cir. Jan. 25, 2006) (reading *pro se* 1981 complaint liberally), we understand Ingram to allege discrimination on the basis of national origin, not race.

Race, however, is the only protected class under § 1981. "Discrimination purely on the basis of national origin does not create a cause of action under section 1981." *Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. Unit B Mar. 1981). *Accord Burditt v. Geneva Capital, LLC*, 2006 U.S. App. LEXIS 242, at *4 (5th Cir. Jan. 5, 2006) (per curiam) ("Because Burditt has not alleged racial discrimination, he has not stated a claim under . . . § 1981.").

Even if Ingram has intended to claim race discrimination, and even if his claim that Caucasian drivers were replaced by Brazilian drivers is construed as a race claim, the protected group he identifies is Caucasian drivers with three years' employment and a wage of $6.00

to $7.50 per hour. As the district court found, this is not a protected group. Ingram thus cannot establish even a *prima facie* case of discrimination, so summary judgment on his § 1981 claim was proper.

B.

Generally speaking, only those responsible for administering a covered plan can be sued under ERISA. Ingram admitted in a deposition that Papa John's is not the administrator of the 401(k) plan offered to its employees and that Papa John's did not direct the plan administrators to take the challenged action. Consequently, the district court was correct to grant summary judgment on the ERISA claim.

Having disposed of the two claims on which removal jurisdiction was premised, under § 1367(c)(3) the district court had complete discretion whether to dismiss, without prejudice, the supplemental state law claims. Its exercise of that discretion was proper.

This appeal is frivolous and is accordingly DISMISSED. *See* 5TH CIR. R. 42.2.

3