IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40369
_____

THOMAS L. ATCHISON,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director, Texas Department of Criminal Justice;
RONALD REED, Doctor, Unit Health Authority of Texas Department of
Criminal Justice; JIMMY W BENNETT, Unit Health Authority of Texas
Department of Criminal Justice; TAMITRA FISHER, HCS Nurse at Texas
Department of Criminal Justice, DONNA LATHAM, HCS Nurse at Texas
Department of Criminal Justice, Eastham Unit; ALTA WHITE, HCS Nurse
at Texas Department of Criminal Justice, Eastham Unit; JERRY N
BARRATT, Assistant Warden of Texas Department of Criminal Justice;
RODNEY L COOPER, Assistant Warden of Texas Department of Criminal
Justice, Eastham Unit; KENT RAMSEY, Regional Director of Texas
Department of Criminal Justice; CHARLES ALEXANDER, Doctor, Deputy
Director of Texas Department of Criminal Justice; DELORIS SCHIELE,
Health Care Service Nurse,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
_____

April 4, 2002

Before KING, Chief Judge, HIGGINBOTHAM, and EMILIO M. GARZA,
Circuit Judges.

PER CURIAM:

    Prisoner Thomas L. Atchison appeals the denial of his motion
to compel the Texas Department of Criminal Justice (TDCJ) to deduct
no more than twenty percent of his monthly income to pay for filing

1

fees incurred as a result of actions he has filed in federal court. Atchison argues that 28 U.S.C. § 1915(b)(2) requires him to pay no more than 20 percent of his income each month for filing fees, irrespective of the number of actions he has filed. The district court dismissed his motion, and we affirm.

## I. BACKGROUND

After this court affirmed the dismissal of the underlying suit in this case, Atchison filed a post-judgment motion to compel Appellees to comply with 28 U.S.C. § 1915(e)(2), which according to Atchison authorizes the prison to take no more than 20 percent of his income each month to pay filing fees. The prison was instead taking 60 percent of his income to pay for three filing fees on which he owed money. The district court denied Atchison's motion, and he appeals.

In order to make indigent prisoners partially responsible for the costs of their litigation, Congress amended 28 U.S.C. § 1915(b) in the Prison Litigation Reform Act (PLRA) to require prisoners to pay filing fees in monthly installments. Section 1915(b)(1) provides that:

> if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of
>
>> (A) the average monthly deposits to the prisoner's account; or
>>
>> (B) the average monthly balance in the prisoner's

2

account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.[1]

In this case, Atchison challenges TDCJ's interpretation of § 1915 (b)(2), which provides for the continued payment of the remainder of the filing fee after the initial payment has been made. Section 1915 (b)(2) provides that:

[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Appellees contend that the plain language of § 1915 (b)(2) requires prisoners to pay separate monthly payments of 20 percent of their income for each filing fee on which they owe money. In the alternative, if we find that the statute is ambiguous, Appellees argue that the purpose of the statute is served by interpreting it to apply "per case" instead of "per prisoner." Atchison argues for the "per prisoner" interpretation of § 1915 (b)(2). Construed liberally,[2] Atchison's brief asserts that the "per case" interpretation of the statute could require the payment of 100 percent of a prisoner's income, placing an unreasonable burden upon his right of meaningful access to the courts.

---

[1] 28 U.S.C. § 1915 (b)(1).

[2] *See, e.g., Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2002) (noting the long-standing rule that *pro se* pleadings must be construed liberally).

## II. DISCUSSION

Whether § 1915 (b)(2) requires prisons to collect 20 percent of a prisoner's income per case filed or per prisoner is an issue of first impression in this circuit. Two of our sister circuits have adopted the "per case" interpretation of § 1915 (b)(2). The Seventh Circuit, in *Newlin v. Helman*,[3] held that "[t]he statute does not tell us whether the 20 percent-of-income payment is per case or per prisoner" but ultimately adopted the per case approach because "the PLRA is designed to require the prisoner to bear some marginal cost for each legal activity" and "[u]nless payment begins soon after the event that creates the liability, this will not happen."[4] The Eighth Circuit adopted this view in *Lefkowitz v. Citi-Equity Group, Inc.*,[5] citing *Newlin* and offering the same rationale for its interpretation of 1915 (b)(2).[6]

The Second Circuit also concluded that "the text and structure of § 1915 fail to provide a definitive answer" to the question of whether 20-percent payments must be made "per case" or "per prisoner.".[7] Disagreeing with the Seventh and Eighth Circuits, the

---

[3] 123 F.3d 429 (7th Cir. 1997) (Easterbrook, J.), *overruled on other grounds*, *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

[4] *Id*. at 436.

[5] 146 F.3d 609 (8th Cir. 1998) (Arnold, M.S., J.).

[6] *Id*. at 612.

[7] *Whitfield v. Scully*, 241 F.3d 264, 276 (2d Cir. 2001) (Leval, J.).

4

Second Circuit adopted the "per prisoner" approach in *Whitfield v. Scully*,[8] largely because "the simultaneous collection of multiple encumbrances could potentially expose 100 percent of a prisoner's income to recoupment" that "could pose a serious constitutional quandary as to whether an unreasonable burden had been placed on a prisoner's right of meaningful access to the courts, especially with respect to the collection of filing fees."[9] Following the principle that we must "avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question," the *Whitfield* court concluded that the "per case" interpretation could render § 1915 unconstitutional and thus adopted the "per prisoner" approach" even though this "may create less of an incentive for prisoners not to litigate."[10]

The first step in our inquiry is to determine whether the statutory language has an unambiguous meaning. If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.[11] We hold that the language of § 1915 (b)(1) is unambiguous and mandates that prisoners pay twenty

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at 277.

[11] *United States v. Emerson*, 270 F.3d 203, 213 (5th Cir. 2001).

5

percent of their monthly income for each case filed.

It is undisputed by the parties that the initial payment required by § 1915(b) is imposed in each case, not once per prison irrespective of the number of suits initiated. Indeed, the section is limited to situations where "a prisoner beings a civil action or files an appeal in forma pauperis," authorizing "The court" to assess and collect "an initial partial filing fee."[12] If "the court" in § 1915 (b)(1) is the court in which the instant action has been filed, irrespective of past suits, then "the court" in § 1915 (b)(2) presumably refers to the same court. We conclude that these two provisions are meant to be read together as part of a coherent scheme, given that they appear next to each other in the same section of the statute. Read as a whole, § 1915 is unambiguous. The statute refers repeatedly to "the court," "the district court," and "the trial court," and the plain meaning of § 1915 indicates that these terms all refer to the same court. Section 1915 authorizes federal courts to commence suits in forma pauperis, permits the court to collect an initial fee, and directs the court to collect twenty percent of the prisoner's income for monthly payments. The "per case" interpretation is mandated by the unambiguous meaning of the text of § 1915.

Moreover, this interpretation is consistent with the common

---

[12] 28 U.S.C. § 1915 (b)(1).

6

mandate of statutory construction to avoid absurd results.[13] Atchison, and the Second Circuit, presume (with good reason) that "the court" in § 1915 (b)(2) is a single court, no matter how many suits are filed by the prisoner. There is, of course, no reason for this to be the case. Atchison has filed this suit in the Eastern District of Texas, but is free to file a § 1983 action against the President in the District of Columbia if he so desires. In that case, if we utilize the "per prisoner" interpretation of § 1915 (b)(2), the "clerk of the court" is actually two different people. Which clerk collects the fee? The statute does not anticipate this result, largely because the text of the statute does not lend itself to a "per prisoner" approach.

Atchison also argues, however, that we must adopt the "per prisoner" interpretation to avoid potential constitutional pitfalls that would result if 100 percent of a prisoner's income was collected to pay filing fees. Even if these constitutional arguments had merit, we would be bound by the unambiguous meaning of the text. After all, the duty to avoid constitutional questions is not a license to rewrite the statute.[14] Fortunately, however, there are no serious constitutional questions raised here. The Supreme Court has held that indigent persons have no constitutional

---

[13] *United States v. Orleans Parish School Board*, 244 F.3d 486, 493 (5th Cir. 2001).

[14] *Emerson*, 270 F.3d at 214.

right to proceed in forma pauperis.[15] In a decision cited by the Second Circuit in *Whitfield*, the D.C. Circuit noted that states are "constitutionally bound to provide [prisoners] with the necessities of life, including adequate food, clothing, shelter, and medical care."[16] Given that prisoners are not forced to choose between the necessities of life and filing a lawsuit, it is unlikely that there are serious constitutional questions in play here.

Accordingly, we AFFIRM the judgment of the district court. Atchison's motion is DENIED.

---

[15] *M.L.B. v. S.L.J.*, 519 U.S. 102, 119 (U.S. 1996).

[16] *Tucker v. Branker*, 142 F.3d 1294, 1298 (D.C. Cir. 1998).