IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20744
_____

JASON S LAWS,

Plaintiff-Appellant,

versus

SHERIFF OF HARRIS COUNTY; CHIEF OF SOUTH HOUSTON POLICE DEPARTMENT;
DETECTIVE DOE; ARRESTING OFFICER 1; ARRESTING OFFICER DOE 2,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

(H-01-CV-1045)
June 18, 2002

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Prisoner Jason S. Laws filed this *pro se* 42 U.S.C. § 1983 action alleging that the Sheriff of Harris County, the Chief of the South Houston City Police Department, Detective Doe, Arresting Officer Doe 1, and Arresting Officer Doe 2 violated his rights by revoking his probation. Laws claims that while he was questioned regarding a fight he was involved in, a police detective told him that he wanted to cause Laws's probation to be revoked and that he

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

was going to charge Laws with kidnaping in order to have Laws's probation revoked. Laws was charged with aggravated kidnaping, and the victim testified at his probation revocation hearing. His probation was revoked, he was sentenced to 20 years confinement, and the state dismissed the kidnaping charge. Laws complains of false arrest, false imprisonment, malicious prosecution, constitutional deprivations, emotional distress, and intentional infliction of emotional distress.

The district court dismissed his suit *sua sponte*, concluding that it was frivolous because Laws was challenging the revocation of his probation. The district court found that Laws's complaint alleged that his probation had been revoked because of the aggravated kidnaping charge and claimed that the proceedings that resulted in those charges constituted malicious prosecution. Because the kidnaping charge was the basis for Laws's revocation, the court held that a successful malicious prosecution claim would necessarily imply that the revocation was invalid. Because attacking the validity of probation proceedings calls into question the fact and duration of confinement, the district court held that Laws's action was subject to the Supreme Court's holding in *Heck v. Humphrey*,[1] which bars section 1983 claims for damages resulting from an allegedly unconstitutional conviction or imprisonment unless and until the conviction is reversed, expunged, invalidated,

---

[1] 512 U.S. 477 (1994).

2

or called into question by the issuance of a writ of habeas corpus. Noting that Laws was in custody and did not allege any facts to escape the *Heck* bar, the district court concluded that his complaint did not state a § 1983 cause of action and dismissed his action with prejudice. Laws filed a motion to reconsider, which was denied by the district court. He appeals, and we affirm as amended.

I

On appeal, Laws argues for the first time that his revocation was not based upon the aggravated kidnaping charge, but upon various other violations of the conditions of probation that he deems to be "technical violations." He claims that there was a plea agreement whereby the kidnaping charge would be dismissed if he pled guilty to the technical violations, although he does not indicate whether or not he accepted the plea agreement.[2] If Laws's probation was revoked based upon "technical violations" instead of the aggravated kidnaping charge, he would escape the *Heck* bar because the success of his section 1983 action would not demonstrate the invalidity of his probation revocation.

II

Laws claims that the district court did not permit him to amend his complaint. We are obligated to construe Laws's *pro se*

---

[2] Laws does refer to "Exhibit A," which purportedly indicates the reasons why his probation was revoked, but there is no "Exhibit A" in the record or filed with his brief.

pleadings liberally,[3] but Laws never filed a motion to amend his complaint and it is impossible to construe his motion for reconsideration as a motion to amend his complaint, given that in his motion for reconsideration Laws stated that the prosecutor sought revocation based upon the aggravated kidnaping charge.

Laws did not mention the "technical violations" until after the district court cited *Beck* in its memorandum on dismissal. Until that time, Laws had argued that his probation was revoked based upon evidence of aggravated kidnaping, and his complaint explicitly connected his section 1983 claims to the probation revocation. We do not consider new evidence furnished for the first time on appeal and may not consider facts that were not before the district court at the time of the challenged ruling.[4]

Accordingly, we do not consider the allegations raised for the first time on appeal, and conclude that the district court did not abuse its discretion in dismissing Laws's claims.[5] We amend the judgment to dismiss without prejudice, however, to give Laws the opportunity to file a new lawsuit if he knows facts sufficient to

---

[3] *Atchison v. Collins*, 288 F.3d 177, 179 n.2 (5th Cir. 2002) (noting the long-standing rule that *pro se* pleadings must be construed liberally).

[4] *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

[5] We review the dismissal of a prisoner's complaint as frivolous for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

4

state a claim and avoid the *Heck* bar.

Laws also argues that the district court abused its discretion in dismissing his case as frivolous after it ordered him to pay a partial filing fee, relying upon our decision in *Grissom v. Scott*.[6] *Grissom* and the other cases cited by Laws were all decided before 28 U.S.C. § 1915(d) was amended by the Prison Litigation Reform Act, which permits district courts to dismiss a prisoner's *in forma pauperis* complaint at any time despite the payment of a partial filing fee. Laws filed his complaint after the effective date of the PLRA, and his argument is without merit.

For the foregoing reasons, we AFFIRM the district court's dismissal but AMEND the judgment to dismiss without prejudice.

---

[6] 934 F.2d 656, 657 (5th Cir. 1991).