# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30005

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Sidney Joseph,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:99-CR-238-1

_____

Before Richman, *Chief Judge*, and Graves, and Wilson, *Circuit Judges*.

James E. Graves Jr., *Circuit Judge*:[*]

Appellant Sidney Joseph appeals the district court's order instructing the Bureau of Prisons to transfer funds from his inmate account to cover his restitution payments. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30005

## BACKGROUND

In 2001 Appellant was found guilty on multiple counts of bank robbery, carjacking, and various weapons charges. Appellant was sentenced to 462 months of imprisonment and a 5-year term of supervised release and was ordered to make restitution payments to the two banks for a total of $24,025.00. Specifically, the sentencing district court ordered that: "[t]he payment of the restitution of $24,025.00 shall begin while the defendant is incarcerated. Upon release from imprisonment, any unpaid balance shall be paid at a rate of $400.00 per month." Appellant's conviction and sentence were affirmed, and up and until the order at issue in this appeal, Appellant had paid $2,772.03 in restitution leaving a balance of $21,252.97.

However, Appellant had accumulated $18,217.83 in his inmate trust account, and in 2022 the government moved for an order directing the Bureau of Prisons ("BOP") to turn the money over to the clerk of court as payment towards his restitution liability. The district court appointed counsel who provided a response, to which the government replied.

The district court granted the government's motion and ordered that $17,817.83 be turned over for payment of restitution with $400 remaining in Appellant's inmate trust account. This appeal resulted.

## STANDARD OF REVIEW

A district court's statutory construction is reviewed de novo. *United States v. Phillips*, 303 F.3d 548, 550 (5th Cir. 2002) (citing *Lara v. Cinemark USA, Inc.*, 207 F.3d 783, 786 (5th Cir. 2000)).

A "district court's decision to issue a turnover order is reviewed for abuse of discretion." *United States v. Rand*, 924 F.3d 140, 142 (5th Cir. 2019) (citing *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997)).

2

"It may be reversed only if the court has acted in an unreasonable or arbitrary manner." *Id.* (citation omitted). A district court abuses its discretion "if it bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (citing *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010)).

## DISCUSSION

The district court granted the government's request for a turnover order pursuant to 18 U.S.C. § 3613(c), 18 U.S.C. § 3556, and the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The MVRA provides that: "[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d). Section 3664 provides that "[a]n order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or [] by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i), (ii). Subchapter B of chapter 229 includes 18 U.S.C. § 3613.

Section 3613(a), entitled "enforcement[,]" provides that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. . . [and] a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except [for three exceptions]." 18 U.S.C. § 3613(a). Section (c) provides that a fine imposed pursuant to this title "is a lien in favor of the United States . . . as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." *Id.* § 3613(c). Accordingly, there is no dispute that the United States had a lien on Appellant's property upon the entry of judgment in 2001.

No. 23-30005

On appeal, Appellant argues that (1) according to the statute the lien had expired; (2) the district court's order was not pursuant to any federal or state law; and (3) the district court was not entitled to seize all of Appellant's wages.

## I. Statutory interpretation

Statutory interpretation always begins with the text of the statute. *United States v. Koutsostamatis*, 956 F.3d 301, 306 (5th Cir. 2020). The relevant statutory provisions of 18 U.S.C. § 3613 are below.

Subsection 3613(b) is entitled "termination of liability" and states that:

> The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution. In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien provided in subsection I of this section shall continue until the estate receives a written release of that liability.

18 U.S.C. § 3613(b). Subsection (c) is entitled "lien" and states: "[t]he lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." 18 U.S.C. § 3613(c).

Appellant argues that the two subsections should be construed separately, specifically that § 3613(b) operates to terminate liability, and § 3613(c) operates to terminate the lien. Accordingly, under his reading of subsection (c), the lien on his property expired upon the earlier of the two dates. For him, that is 20 years from the judgment date. He argues that the opposite interpretation would render "for 20 years or" superfluous. He goes

on to argue that if congress intended for it to be the later of the two requirements, that it would have included those words just as it did in subsection 3613(b).

The text of the statute belies Appellant's contention for multiple reasons. First, both subsections are under one section, that of 3613. Second, the title of subsection (b) specifically says "termination of liability" while the title of subsection (c) does not, indicating that the two could be read as coterminous as to termination. Third, subsection (c) gives explicit reference to subsection (b). This is supported by the end of subsection (b) where it states: "the lien provided in subsection (c) of this section shall continue until the estate receives a written release of that liability." 18 U.S.C. § 3613(b). Here, congress has used "lien" and "liability" interchangeably, giving us further indication that reading the two subsections together is the correct interpretation. Finally, this reading makes sense because—to Appellant's contention that congress could have specifically included "the later of" in subsection (c) for the two dates—if the subsections are read together, there is no need for this inclusion; and second, if congress intended it to be the earlier of the two dates, it likewise could have so specified.

Further, if we were to agree with Appellant's argument that subsection (c) mandates that the lien expires on the earlier of the two dates, that would result in a nonsensical outcome. *See Atchison v. Collins*, 288 F.3d 177, 181 (5th Cir. 2002) (invoking the "common mandate of statutory construction to avoid absurd results"). Subsection 3613(b) provides that "in the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien provided in subsection (c) of this section shall continue until the estate receives a written release of that liability." 18 U.S.C. § 3613(b). Adopting Appellant's construction would result in a nonsensical outcome because it would make no sense that if the person who

owes restitution (debtor) *dies*, their estate would be held responsible for the unpaid balance of the restitution in accordance with the lien until they receive a written release, but if the debtor *lives*, he is released from the restitution requirement after 20 years. Accordingly, the district court did not err in finding that the lien had not terminated, and in granting the turnover order.

## II. Federal or state law

Appellant next argues that the district court's order was not issued "in accordance with" any federal or state law as is required by § 3613(a). To recap, the MVRA authorizes an order of restitution to be enforced in a manner provided by § 3613 or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i), (ii). Section 3613 states that the "United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." Appellant may be correct that § 3613(a) requires a federal or state enforcement statute, however § 3613(a) also authorizes enforcement "[n]otwithstanding any other [f]ederal law[.]" We have previously found this provision to override any conflicting sections or federal laws. "This court has interpreted this 'notwithstanding' clause as signal[ing] a clear Congressional intent to override conflicting federal law." *United States v. Elashi*, 789 F.3d 547, 552 (5th Cir. 2015) (citation omitted). *Cf. Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) ("[T]he use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."). Further, even assuming the district court did not have sole authority under § 3613(a), the MVRA provides for enforcement "by all other available and reasonable means." The district court could have reasonably read this provision to include a court order. Accordingly, the district court did not base "its ruling on an erroneous view of the law." *Rand*, 924 F.3d at 142. Hence, there was no abuse of discretion.

No. 23-30005

## III. Garnishment of wages

Finally, for the first time on appeal, Appellant argues that the district court erred by not limiting the turnover order in accordance with the exception(s) in § 3613(a). However, Appellant has forfeited this argument by raising it for the first time on appeal. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."). "As we have held, if a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court. If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal." *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). *See Thomas v. Abebe*, 833 F. App'x 551, 555 (5th Cir. 2020) (on appeal from a motion to dismiss). For the first time on appeal, Thomas raised a new argument that defendants had been properly served, and accordingly, the district court should have entered a default judgment against those defendants. Our court held that (1) Thomas never filed proof of service, and (2) that in any case, Thomas failed to raise his issues with the court below and his arguments were thus waived. The court came to this conclusion even where the appellees did not argue forfeiture in their brief.[1] *See also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Leverette appealed the district court's order granting judgment as a matter of law ("JMOL") to the Appellee, contending, for the first time on appeal, that our court should apply a risk-utility analysis to determine if the product was defective. Even where the

---

[1] The Appellees argued only that Thomas had not preserved his issues for appeal because there was no citation to the record and no discussion or explanation of the case law cited, not that Thomas failed to raise the issue in the district court.

Appellee did not argue forfeiture, our court held that we "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a new theory." *Id.*

Although these cases arise from a motion to dismiss and a JMOL motion after a trial, the underlying premise of forfeiture aptly applies. Appellant asks us to consider their new argument that the Consumer Protection Credit Act exception in § 3613(a) is sufficient to overturn the district court's order. Our court "cannot allow a party to raise an issue for the first time on appeal" merely because they believe that they may prevail on a new theory never raised before the district court. *Leverette*, 183 F.3d at 342. "If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal." *F.D.I.C. v. Mijalis*, 15 F.3d at 1327. *See also Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 185 (5th Cir. 2018) (finding that a party waives an argument when they fail to argue or brief it to the district court and statements made at high levels of generality do not sufficiently preserve the argument for decision). Appellant's argument is forfeited.

## CONCLUSION

We AFFIRM the district court.